UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CAROL KAUFMANN, et al.,                                                                                                 Plaintiffs,

v.                                                     Civil Action No. 3:16-cv-801-DJH

FEDERAL AVIATION ADMINISTRATION,
et al.,                                                                                                               Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

        The Louisville Regional Airport Authority (LRAA) created the Bowman Field Safety Program, which called for the LRAA to remove or trim trees surrounding Bowman Field, a "general aviation" airport in Louisville, Kentucky.  (Docket No. 1, PageID # 10; D.N. 9, PageID # 179–80)  The Federal Aviation Administration (FAA) conditionally approved the plan, contingent upon its environmental findings pursuant to the National Environmental Protection Act (NEPA), the National Historic Preservation Act (NHPA), and the Department of Transportation Act (DOTA), among other federal statutes.  (*Id*., PageID # 180)

        On December 13, 2016, the FAA issued its Environmental Assessment and Finding of No Significant Impact (FONSI).  (*Id*., PageID # 190–91)  The next day, the plaintiffs filed suit, alleging that the FAA failed to comply with the procedural requirements of NEPA, NHPA, and DOTA in approving the LRAA's Safety Program.  (D.N. 1)  The plaintiffs then filed a motion for a temporary restraining order seeking to prevent the FAA and LRAA from removing or trimming trees pending adjudication of their suit.  (D.N. 4; D.N. 9, PageID # 171, 195)  In response, the defendants filed motions to dismiss for lack of jurisdiction and failure to state a claim upon which relief can be granted.  (D.N. 6; D.N. 8; D.N. 14)  Because the Court finds that

1

it lacks subject matter jurisdiction, the motions to dismiss will be granted and the motion for a temporary restraining order will be denied as moot.

## I.     BACKGROUND

In 2008, the Louisville Regional Airport Authority began to update the Airport Layout Plan (ALP) for Bowman Field. (D.N. 9, PageID # 179–80) In 2011, the LRAA announced the Bowman Field Safety Program, which stated that before the FAA would approve the updated ALP, the area around Bowman Field would need to be surveyed to ensure that no objects were obstructing navigable airspace. (*Id.*, PageID # 180) The resulting investigation found that a number of trees surrounding Bowman Field were "obstructions" and potential hazards. (*Id.*) The LRAA then informed hundreds of households that it would be developing a plan to acquire airspace rights and would be removing or trimming the offending trees. (*Id.*, PageID # 180–81) Over the next month, the LRAA held two public workshops on the proposed program. (*Id.*, PageID # 182)

In March 2012, the FAA conditionally approved the updated ALP, with final approval subject to processes prescribed by several federal statutes, including NEPA, NHPA, and DOTA. (*Id.*, PageID # 184) Plaintiff Plea for the Trees claims that it wrote to the FAA and urged the agency to begin its NEPA and NHPA processes early. (*Id.*, PageID # 183–84) Nevertheless, the plaintiffs allege that Plea for the Trees was not contacted by the FAA until June 2015. (*Id.*, PageID # 184) The FAA then held meetings with consulting parties, including Plea for the Trees, in August 2015 and March 2016. (*Id.*)

In April 2016, the LRAA passed a resolution approving a contingency plan to complete the Safety Program without federal funds and began removing and trimming trees in accordance with the program. (*Id.*, PageID # 185) The FAA next issued a draft of its Environmental

Assessment, which found that the ALP would have "no adverse effect" on historic properties surrounding the airport, and held a public comment period to receive feedback on its findings. (*Id.*, PageID # 186)  In response, the FAA received letters and feedback on their proposed findings from consulting parties and the public. (*Id.*, PageID # 187–88)  Following the public comment period, the FAA requested that the Advisory Council on Historic Preservation (ACHP) review its "no adverse effect" determination. (*Id.*, PageID # 188)  The ACHP responded "that the appropriate determination would be an 'adverse effect' because of the acquisition of avigation easements and the tree removal and trimming program, and that the FAA should negotiate a Memorandum of Agreement to resolve these adverse effects." (D.N. 4-1, PageID # 76)

On December 8, 2016, the FAA issued a letter stating that it "respectfully disagree[d]" with the ACHP and reaffirming its "no adverse effect" finding. (D.N. 9, PageID # 189–90)  Five days later, the FAA notified consulting parties of its December 8 letter and issued its final Environmental Assessment and Finding of No Significant Impact (FONSI). (*Id.*, PageID # 190–91)

The next day, Plaintiffs filed suit against the FAA and the LRAA, as well as administrators of each organization, seeking to enjoin the FAA and LRAA from removing or trimming trees in historic areas surrounding Bowman Field. (D.N. 1)  The plaintiffs claim that the FAA violated NHPA and DOTA by "failing to evaluate prudent and feasible alternatives to harming public parkland and historic properties and undertaking all possible planning to minimize harm to these resources with respect to the Bowman Field Safety Program." (*Id.*, PageID # 2)  The LRAA is joined as a defendant pursuant to Fed. R. Civ. P. 19. (D.N. 9, PageID

# 175)  The plaintiffs contend that the LRAA is a necessary party because it is executing the Bowman Field Safety Program and thus "complete relief cannot be provided" without it.  (*Id.*)

On December 19, 2016, the plaintiffs filed a motion for a temporary restraining order, asking the Court to enjoin the defendants from any removal or trimming of trees until their complaint is adjudicated.  (D.N. 4)  A telephonic status conference was scheduled for December 21, 2016.  (D.N. 7)

Hours before the telephonic status conference, the FAA and the LRAA each filed a motion to dismiss.  (D.N. 6; D.N. 8; D.N. 14)  The FAA argued that the Court lacked subject matter jurisdiction because the Courts of Appeals for the Sixth and D.C. Circuits have exclusive jurisdiction over challenges to FAA orders in Kentucky.  (D.N. 6; D.N. 13)  Meanwhile, the LRAA asserted that the Court lacked subject matter jurisdiction and the plaintiffs failed to state a claim upon which relief can be granted because the LRAA is not a federal agency and thus is not subject to the federal statutes in question.  (D.N. 8; D.N. 14)

During the status conference, the defendants stated that they were removing or trimming trees at Big Spring Country Club and the plaintiffs did not object to this work.  (D.N. 21, PageID # 366)  Based on the parties' representations during the conference, the Court declined to enter injunctive relief.  (D.N. 10)  The Court set a briefing schedule on the motions to dismiss, as agreed by the parties.  (*Id.*)  On January 23, 2017, the LRAA provided that it was close to completing its work at Big Spring Country Club and would soon be working on "other properties pursuant to written avigation easements."  (D.N. 19, PageID # 345)  In response, the plaintiffs filed a renewed motion for a temporary restraining order and preliminary injunction but no new arguments were asserted.  (D.N. 21)  The Court has fully considered the briefs, and for the

4

reasons discussed below, the Court will grant the motions to dismiss and deny the remaining motions as moot.

## II. DISCUSSION

### A. FAA's Motion to Dismiss

The FAA has moved to dismiss this action for lack of subject matter jurisdiction, arguing that pursuant to 49 U.S.C. § 46110 only the U.S. Courts of Appeals for the Sixth and D.C. Circuits have exclusive jurisdiction over this suit. (D.N. 13, PageID # 242)

In response, the plaintiffs contend that this action, which challenges the FAA's failures under NHPA and Section 4(f) of DOTA, is distinct from their challenges to the December 13 Order and thus not subject to the jurisdictional limits of § 46110. (D.N. 11, PageID # 222–24) The plaintiffs maintain that the instant action does not challenge the FAA's December 13 Order, which they acknowledge must be reviewed by either the Sixth Circuit or the D.C. Circuit. (*Id.*) The plaintiffs instead argue that NHPA violations occurred on December 8, 2016, when the FAA issued a letter that "ended the NHPA process and constituted a final agency action within the meaning of the APA." (*Id.*, PageID # 228)  According to the plaintiffs, the FAA's December 13 FONSI "was issued pursuant to the National Environmental Policy Act, and not the NHPA []or Section 4(f)" of DOTA. (*Id.* at 222–24)

Additionally, the plaintiffs argue that the FAA could have triggered appellate review of its NHPA requirements if it had either taken the steps necessary to use the NEPA process to fulfill its NHPA requirements or issued "a separate Order terminating NHPA compliance." (D.N. 11, PageID # 226–27) After failing to do so, the plaintiffs assert that the FAA cannot now complain "that judicial review is unavailable" in district court. (*Id.*)

The FAA argues that the actions it took to comply with NHPA and DOTA are not distinct from the December 13, 2016 Order. (D.N. 13, PageID # 243) Rather, according to the FAA, the December 13 FONSI "summarizes the FAA's findings under" a number of environmental statutes it must consider in decisionmaking, including NHPA and Section 4(f) of DOTA. (*Id.*) Additionally, the FAA contends that the December 8 letter regarding the ACHP was not the "FAA's final word on the subject of NHPA compliance" and thus is not reviewable on its own. (*Id.* at 244) Instead, the FAA argues that its "final determination on that matter" was contained in the December 13 Order. (*Id.*)

"[W]here it is unclear whether review jurisdiction is in the district court or the court of appeals the ambiguity is resolved in favor of the latter." *Gen. Elec. Uranium Mgmt. Corp. v. U.S. Dep't of Energy*, 764 F.2d 896, 903 (D.C. Cir. 1985) (quoting *Denberg v. U.S. R.R. Ret. Bd.*, 696 F.2d 1193, 1197 (7th Cir. 1983), *cert. denied*, 466 U.S. 926 (1984)). "A principal reason for this guideline is that exclusive jurisdiction in the court of appeals avoids duplicative review and the attendant delay and expense involved." *Id.*

In relevant part, 49 U.S.C. § 46110 states:

> [A] person disclosing a substantial interest in an order issued by the Secretary of Transportation (or the Under Secretary of Transportation for Security with respect to security duties and powers designated to be carried out by the Under Secretary or the Administrator of the Federal Aviation Administration with respect to aviation duties and powers designated to be carried out by the Administrator) in whole or in part under this part, part B, or subsection (l) or (s) of section 114 may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business.

49 U.S.C. § 46110(a).

> When the petition is sent to the Secretary, Under Secretary, or Administrator, the court has exclusive jurisdiction to affirm, amend, modify, or set aside any part of the order and may order the Secretary, Under Secretary, or Administrator to

> conduct further proceedings. After reasonable notice to the Secretary, Under Secretary, or Administrator, the court may grant interim relief by staying the order or taking other appropriate action when good cause for its action exists.

49 U.S.C. § 46110(c).

Section 46110 "makes clear that the federal courts of appeals have exclusive jurisdiction to review the orders of certain federal agencies," including the FAA. *Mokdad v. Lynch*, 804 F.3d 807, 809 (6th Cir. 2015). The Sixth Circuit has explained that "[u]nder the doctrine of inescapable intertwinement, 'statutes such as Section 46110(c) that vest judicial review of administrative orders exclusively in the courts of appeals also preclude district courts from hearing claims that are inescapably intertwined with review of such orders.'" *Mokdad*, 804 F.3d at 812 (quoting *Merritt v. Shuttle, Inc.*, 245 F.3d 182, 187 (2d Cir. 2001)). "A claim is inescapably intertwined [with an agency order] if it alleges that the plaintiff was injured by such an order and that the court of appeals has authority to hear the claim on direct review of the agency order." *Id*. at 813 (quoting *Merritt,* 245 F.3d at 187). "While litigants may seek, through careful pleading, to avoid the strict jurisdictional limits imposed by Congress, there is not reason to believe 'that the jurisdictional remedy prescribed by Congress hangs on the ingenuity of the complaint.'" *St. John's United Church of Christ v. City of Chicago*, 401 F. Supp. 2d 887, 902 (N.D. Ill. 2005) *aff'd*, 502 F.3d 616 (7th Cir. 2007) (quoting *Cal. Save Our Streams Council, Inc. v. Yeutter,* 887 F.2d 908, 912 (9th Cir. 1989)). "The purpose of the inescapable-intertwinement doctrine is to prevent a plaintiff from 'circumvent[ing] the exclusive jurisdiction of the court of appeals by collaterally attacking an administrative order in a federal district court.'" *Id*. (quoting *Ligon v. LaHood,* 614 F.3d 150, 155 (5th Cir. 2010)).

Here, the plaintiffs attempt "to avoid the strict jurisdictional limits imposed by" § 46110 through careful pleading. *Id*. However, in challenging the FAA's decisionmaking in this case,

the plaintiffs' claims under NHPA and DOTA are "inescapably intertwined" with their challenge to the December 13 Order under NEPA. For support, the plaintiffs point out that the FONSI issued on December 13 specifically states that it was issued in compliance with NEPA. (D.N. 1-3, PageID # 35; D.N. 11, PageID # 222–24) However, later in the same paragraph, the FONSI states that "the agency decision [was] based on information contained in the Environmental Assessment . . . incorporated by reference herein, and all other applicable documents available to the agency." (D.N. 1-3, PageID # 35) In order words, the FONSI relied on the FAA's consideration of a number of pieces of information, including feedback gathered during NHPA and DOTA processes. (*Id.*; D.N. 6-1, PageID # 147; D.N. 13, PageID # 243–44)

In the FONSI, the FAA explicitly states that it considered Section 4(f) of DOTA. (D.N. 1-3, PageID # 39) The FAA explains the likely impacts of the plan on 4(f) resources, proposes a mitigation plan, and outlines its analysis and findings under DOTA. (*Id.*) The FAA also details its compliance with the NHPA process, including meeting with consulting parties and completing a historic architectural survey. (*Id.*, PageID # 39–41) For example, the FAA references the ACHP criticism and review process in the FONSI in demonstrating its compliance with the NHPA process and explaining how it reached its finding of "no adverse effect." (*Id.*, PageID # 41) The FAA also explains that it "took into account the information produced by the survey, additional information provided by consulting parties, and comments received during the [NHPA] process in assessing the effects of the undertaking on these historic properties." (*Id.* at 40)

The FONSI makes clear that in issuing its December 13 Order, the FAA relied on the processes mandated by DOTA and NHPA. Therefore, any failure by the FAA to comply with these statutes is inescapably intertwined with a challenge to the December 13 Order under

NEPA. Thus, the Court lacks jurisdiction because the Sixth Circuit and D.C. Circuit have exclusive jurisdiction over the challenges to the FAA's December 13 Order pursuant to 49 U.S.C. § 46110.

### B. LRAA's Motion to Dismiss

The Louisville Regional Airport Authority has also filed a motion to dismiss for lack of jurisdiction and failure to state a claim upon which relief can be granted. (D.N. 8; D.N. 14) The LRAA argues that the plaintiffs "cannot establish subject matter jurisdiction over any alleged action by the Airport Authority." (D.N. 8-1, PageID # 158–63) Specifically, the LRAA contends that the plaintiffs do not have a private right of action under NHPA, DOTA, APA, or the Declaratory Judgment Act, and that therefore, the Court lacks jurisdiction over the plaintiffs' claims against the LRAA. (*Id.*)

The plaintiffs respond that the LRAA is a necessary party under Rule 19 because in the LRAA's absence, "the court cannot accord complete relief among existing parties." (D.N. 12, PageID # 238; D.N. 18, PageID # 335–36) Fed. R. Civ. P. 19(a)(1)(A). Additionally, the plaintiffs contend that the LRAA has "an interest in the subject matter of this action that is so situated that disposing of the action in [the LRAA's] absence may . . . impair or impede [the LRAA's] ability to protect [its] interest." (D.N. 12, PageID # 238) Fed. R. Civ. P. 19(a)(1)(B). In their amended complaint, the plaintiffs provide that the "gravamen of this Complaint is that the FAA violated both NHPA and Section 4(f) [of DOTA] in approving the Area Airport Safety Program for Bowman Field, a program that the LRAA proposed and which it intends, with FAA approval and funding, to undertake." (D.N. 9, PageID # 175)

The LRAA contends that it is not a necessary party under Rule 19. (D.N. 14-1, PageID # 267–68) The LRAA argues that the "gravamen" of the complaint is that the FAA violated

NHPA and DOTA. (*Id.*) The LRAA maintains that it is not subject to either NHPA or DOTA because it is not a federal agency. (*Id.*) Therefore, the LRAA asserts that there are no independent claims against it. (*Id.*) Furthermore, the LRAA argues that because "the Safety Program is proceeding without federal funds," it has "no interest in the outcome of Plaintiffs' challenge to FAA's compliance with federal law." (*Id.*)

The plaintiffs' amended complaint states that the LRAA is named as a defendant in the action pursuant to Rule 19. (D.N. 9, PageID # 175) Additionally, the plaintiffs state that joinder of the LRAA is "premised on [the FAA's] statutory violations." (D.N. 18, PageID # 333) Even if the plaintiffs are correct that the LRAA is a necessary party under Rule 19, the LRAA is necessary to claims that the Court cannot adjudicate. Because the claims against the FAA will be dismissed for lack of subject matter jurisdiction pursuant to 49 U.S.C. § 46110, the LRAA cannot be joined under Rule 19. Therefore, the LRAA's motion to dismiss will be granted.

### III. CONCLUSION

For the reasons explained above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) The Federal Aviation Administration's motion to dismiss (D.N. 6) is **GRANTED**.

(2) The LRAA's motions to dismiss (D.N. 8; D.N. 14) are **GRANTED**.

(3) The plaintiffs' motion for a temporary restraining order (D.N. 4) and renewed motion for a temporary restraining order (D.N. 21) are **DENIED as moot**.

(4) This action is **DISMISSED** without prejudice and **STRICKEN** from the Court's active docket.

February 6, 2017

David J. Hale, Judge
United States District Court